[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16193
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 26, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00290-CR-01-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARL WALLACE HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 26, 2010)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Earl Wallace Harris appeals his 41-month sentence imposed after he pled

guilty to unlawfully re-entering the country as a deported alien, in violation of 8

U.S.C. §§ 1326(a) and (b)(2). The pre-sentence report gave Harris a criminal history category of V with a guideline range of 46–57 months imprisonment. The district court decreased the criminal history category to IV, with a guideline range of 37–46 months, because many of Harris's prior criminal offenses were traffic related. Harris argues that his sentence was substantively unreasonable, in light of the 18 U.S.C. § 3553(a) factors because: (1) the sentence does not accurately reflect the seriousness of the offense; (2) the sentence is excessive and thus does not promote respect for the law; and (3) the case received no media attention and so § 3553(a)(2)(B)'s deterrence requirement should be ignored.

We review the substantive reasonableness of a sentence under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The challenger "bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). Where the district court imposes a within-guidelines sentence, it need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). "The review for substantive unreasonableness involves examining the totality of the

circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (citation omitted), *cert. denied*, 129 S. Ct. 2848 (2009).[1]

At the sentencing hearing, the district court stated that it had considered all of the factors of § 3553(a) and the arguments presented when determining the reasonableness of the sentence to be imposed. In making that determination, the court reduced Harris's criminal history category to more accurately represent the seriousness of his criminal behavior, and balanced that against his lengthy criminal history, illegal re-entries, and continuous disregard for the laws of the United States. In doing so, the court appropriately weighed the factors set forth in § 3553(a) and achieved the purposes of sentencing set forth in § 3553(a). Under the totality of the circumstances, Harris's sentence was substantively reasonable.

**AFFIRMED.**

---

[1]The § 3553(a) factors a court must consider in determining a sentence include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the need for the sentence (A) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (B) "to afford adequate deterrence to criminal conduct," (C) "to protect the public from further crimes of the defendant," and (D) "to provide the defendant with needed educational or vocational training [or] medical care;" (3) "the kinds of sentences available;" (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) "the need to avoid unwarranted sentencing disparities;" (7) and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1)–(7).